SECOND DIVISION
MARCH 23, 2010

1-09-1052

| | | |
|---|---|---|
| THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES AND THE DEPARTMENT OF TRANSPORTATION, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioners and Cross-Respondents-Appellants, | ) ) | |
| v. | ) ) | No. 08 CH 15619 |
| NICK NDOCA and TEAMSTERS LOCAL UNION 330, | ) ) ) | Honorable |
| Respondents and Cross-Petitioners-Appellees. | ) ) ) | Richard J. Billick, Judge Presiding |

PRESIDING JUSTICE CUNNINGHAM delivered the opinion of the court:

This is an appeal from the circuit court of Cook County's denial of a petition to vacate an arbitrator's ruling conditionally reinstating respondent Nick Ndoca (Ndoca), a member of the Teamsters Local Union 330 (the Union), to his employment with the petitioner, the Illinois Department of Transportation (the Department). Ndoca was terminated by the petitioners, the Illinois Departments of Transportation and Central Management Services (the State), after a random drug test revealed the presence of marijuana in Ndoca's system. The State contends on appeal that the arbitrator exceeded her authority and violated public policy because, according to the State, the collective bargaining agreement between the Department and the Union mandates termination of an employee who tests positive for marijuana. Ndoca and the Union contend that the arbitrator was within her authority because, read as a whole, the collective bargaining agreement requires just cause

to terminate an employee, rather than automatic termination for the violation of any particular rule, including the rule against the use of marijuana. The Union also asserts that no public policy was violated by the arbitrator's ruling. We affirm the judgment of the circuit court of Cook County, which denied the State's petition to vacate the arbitrator's ruling.

BACKGROUND

The facts are not in dispute. No transcript was made of the evidentiary hearing before the arbitrator, but we summarize the facts recited in the arbitrator's opinion and ruling of January 28, 2008. Ndoca had worked for the Illinois Department of Transportation for 15 years at the time of his termination, serving as a bridge mechanic for the last 7 of those years. A bridge mechanic performs work on moveable bridges located over navigable waters. Ndoca was never previously disciplined and a previous random drug test administered to him in 2001 produced negative results. In his 15 years of employment, Ndoca was absent from work a total of 9 days. However, when a random drug test was performed on Ndoca on March 21, 2007, he tested positive for marijuana. Ndoca was suspended by the Department on March 30, 2007 "pending discharge." Following a pre-disciplinary hearing, he was terminated from his employment effective April 14, 2007.

The Union filed two grievances with the Department on Ndoca's behalf. One grievance alleged that Ndoca was not within the category of employees to whom random drug tests could be administered. The second grievance protested Ndoca's termination. Pursuant to the collective bargaining agreement between the Union and the Department, the parties submitted to arbitration. The arbitrator ruled against the Union's contention that Ndoca was not in the category of employees subject to random drug testing. However, the arbitrator also reinstated Ndoca to his position, with

no back pay, subject to the following conditions. Ndoca must again[1] successfully complete the Department's drug treatment program and follow any drug rehabilitation program recommended by the Department's substance abuse professional, and he must pass a drug and alcohol test. Successful completion of those requirements would entitle Ndoca to reinstatement to his job, but he would remain subject to random testing for one year after his reinstatement. The arbitrator also ruled that if Ndoca tested positive for another illegal drug, he would be terminated from his employment. The State does not appeal from that portion of the arbitrator's ruling which held that it was appropriate for the Department to subject Ndoca to random drug testing. But the State does appeal from that portion of the arbitrator's ruling reinstating Ndoca to his employment upon his fulfillment of the conditions imposed by the arbitrator's ruling.

On the issue of Ndoca's termination, the Union did not contest the validity of the drug test results, which revealed marijuana in his system. But the Union disagreed that Ndoca's job performance was diminished, or that he was even under the influence of marijuana while he was working, since marijuana can remain within a person's system for long periods of time. The Union also noted that after being advised of the positive drug test, Ndoca willingly enrolled in the Department's drug program and successfully completed that program.

The arbitrator looked to the following relevant provisions of the collective bargaining agreement between the Union and the Department.

Article 7.1 provides:

---

[1]Ndoca had voluntarily participated in the Department's drug treatment program and successfully completed it after the positive drug test but before his termination.

"The Employer shall not discharge or suspend any employee except

for just cause ***."

Article 14.2 provides:

"If, as a result of [an] investigation and/or pre-disciplinary hearing,

just cause is present, discipline shall be imposed as follows:

* * *

A positive drug test will result in a 30-day suspension pending

discharge."

Examining these provisions together, the arbitrator concluded that the overriding principle of just cause governed decisions to terminate employees. She further found that terminating Ndoca despite his excellent work record over 15 years was inconsistent with just cause. In response to the State's argument that reinstatement would violate public policy, the arbitrator held that reinstatement with conditions would satisfy any public policy concerns.

The State filed a petition to vacate the arbitrator's ruling, and the Union filed a cross-petition to confirm the ruling. The circuit court of Cook County denied the State's petition and granted the petition of the Union, confirming the arbitrator's ruling. The State then filed an appeal to this court. For the reasons stated below, we affirm the judgment of the circuit court of Cook County which confirmed the arbitrator's ruling conditionally reinstating Ndoca to his job.

ANALYSIS

The parameters of a court's review of an arbitrator's ruling are extremely narrow. American Federation of State, County & Municipal Employees v. Department of Central Management

1-09-1052

Services, 173 Ill. 2d 299, 304, 671 N.E.2d 668, 672 (1996); American Federation of State, County & Municipal Employees v. Department of Mental Health, 124 Ill. 2d 246, 254, 529 N.E.2d 534, 537 (1988) (Department of Mental Health). If possible, we must construe the ruling as valid. Department of Mental Health, 124 Ill. 2d at 254, 529 N.E.2d at 537. But the primary rule in cases involving collective-bargaining agreements is that an arbitrator's ruling must be enforced if it falls within the scope of the arbitrator's authority and it "draws its essence from the parties' collective bargaining agreement." Department of Central Management Services, 173 Ill. 2d at 304-05, 671 N.E.2d at 672. The State contends that the arbitrator's ruling was not within the scope of the arbitrator's authority because it was in direct violation of Article 14.2 of the collective bargaining agreement, which states that "A positive [drug] test will result in a 30-day suspension pending discharge." We do not find that Article 14.2 mandates discharges with the clarity which the State asserts. If the parties to the agreement intended that a positive drug test would result in automatic discharge or termination, they could have easily and clearly drafted a provision that said so. Instead, the collective bargaining agreement refers to a 30-day suspension "pending discharge." We view these provisions in light of Article 7's just-cause requirement for termination, which applies to all employees covered by the agreement, and not only those who have tested positive for illegal drugs. In this context, it is reasonable for the arbitrator to have found that the drafters of the agreement intended that the guiding principle for determining whether an employee should be terminated was just cause. Contrary to the State's assertion, the collective bargaining agreement had no clearly articulated automatic-termination requirement for those employees found to have tested positive for illegal drugs. Therefore, the decision to apply a lesser penalty did not exceed the arbitrator's

5

authority. Most importantly, the arbitrator acted within her authority in construing the meaning of Article 14.2. The fact that her construction placed the emphasis on just cause as opposed to automatic termination was also within her authority and was a reasonable construction of the provision. On appellate review we are not charged with determining the validity or reasonableness of an arbitrator's construction of ambiguous provisions of a document. As long as it is clear that the arbitrator has engaged in *construction* of the agreement, we must affirm that construction. Chicago Transit Authority v. Amalgamated Transit Union Local 308, 244 Ill. App. 3d 854, 868, 614 N.E.2d 120, 129 (1993). Although the reasonableness of the construction is not under review here, we note nevertheless that in this instance the arbitrator's construction was reasonable.

The State also contends that retaining an employee who has tested positive for illegal drugs is contrary to public policy, because such a decision implicates and threatens public safety. But in order to determine whether an arbitrator's ruling has violated public policy on a particular issue, we must first determine that there is a clearly articulated public policy regarding that issue. We must then determine whether the public policy was clearly violated by the arbitrator's ruling. Department of Central Management Services, 173 Ill. 2d at 307, 671 N.E.2d at 673-74. The State has failed to demonstrate the existence of a clear public policy that mandates automatic termination for public employees upon the discovery of any illegal drug usage by the employee. On the contrary, it is clear that the collective bargaining agreement contemplates that employees who have engaged in the use of illegal drugs will not automatically be terminated. Article 14.3 of the collective bargaining agreement states:

"The Department [of Transportation] fully supports the Employee

6

Assistance Program and encourages employees who are using unauthorized controlled substances to seek the confidential services of the Employee Assistance Program in their work place. The Employee Assistance Program plays an important role by providing employee[s] an opportunity to eliminate illegal drug use. Referrals can be made to appropriate treatment and rehabilitative facilities [which] follow-up with individuals during their rehabilitation period to track their progress and encourage successful completion of the program."

This policy of offering treatment for employees who use illegal drugs negates the State's argument that there is a strict public policy mandating termination from employment with the Department for first-time illegal drug users.

Furthermore, as the arbitrator noted, there was no evidence that Ndoca was under the influence of marijuana at any time during the performance of his employment duties. There was no indication that his job performance had been compromised or had deteriorated in any way. Indeed, the undisputed evidence was that Ndoca was an excellent employee who had a strong work history and had worked for the Department for 15 years without having any disciplinary action taken against him. He missed only nine days of work in his 15-year tenure with the Department. Also, to minimize the possibility of any additional illegal drug usage, the arbitrator imposed a number of conditions on Ndoca, which he was required to satisfy prior to actually being reinstated. Those conditions were designed to ensure that Ndoca was no longer using illegal drugs, had received proper

drug treatment, and would be subject to random drug testing and automatic termination for a second violation. Under these circumstances and conditions, and in light of the extremely narrow parameters of appellate review of an arbitrator's ruling, we find no violation of public policy in the ruling of the arbitrator.

As we have noted, in a dispute of this kind, an arbitrator's ruling must be upheld if it falls within the scope of the arbitrator's authority and it "draws its essence from the parties' collective-bargaining agreement." Department of Central Management Services, 173 Ill. 2d at 304-05, 671 N.E.2d at 672. We have found no support for the contention that the arbitrator's ruling was outside of her authority. It is uncontested that this dispute was properly submitted to an arbitrator pursuant to the collective bargaining agreement between the Union and the Department. There is no dispute that the arbitrator's ruling arises from the collective bargaining agreement. The specific terms of that agreement provide that an employee can only be terminated for just cause. The arbitrator determined that just cause did not exist to warrant termination in light of the facts and circumstances of this case. The arbitrator considered Ndoca's exemplary work record of 15 years and imposed strict conditions as a requirement for reinstatement in applying the principle that the collective bargaining agreement required the application of "just cause" for termination. We therefore we find no basis for overturning the arbitrator's ruling and affirm the judgment of the circuit court of Cook County denying the petition to vacate the arbitrator's ruling and confirming that ruling.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

HOFFMAN and THEIS, JJ., concur.